FILED
United States Court of Appeals
Tenth Circuit

March 9, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICKEY WHITE,

     Petitioner - Appellant,

v.

SCOTT CROW,

     Respondent - Appellee.

No. 20-7036
(D.C. No. 6:20-CV-00116-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Rickey White, a pro se Oklahoma inmate, seeks a certificate of appealability

(COA) to challenge the dismissal of his 28 U.S.C. § 2254 petition as an unauthorized

second or successive habeas petition. *See id.* § 2253(c)(1)(A). We deny a COA and

dismiss this matter.

I

Mr. White is currently serving a life sentence for first-degree murder. In 1985, the

Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction and sentence. *See*

*White v. State*, 702 P.2d 1058, 1063 (Okla. Crim. App. 1985). In 2003, the district court

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied federal habeas relief on statute-of-limitations grounds, and we denied a COA, *see White v. Mullin*, No. 03-7054 (10th Cir. Oct. 22, 2003). Since then, Mr. White has filed numerous habeas petitions and motions for authorization to file second or successive habeas petitions, all of which have been denied.

Most recently, Mr. White filed the underlying § 2254 petition in this case, repeating various claims the OCCA rejected on direct appeal. He claimed the trial court's probable cause determination was predicated on a defective search warrant affidavit that was unsigned, unsworn, based on hearsay, and that failed to specify when an informant had viewed contraband (a gun) seized during the search. He acknowledged he had previously raised these issues, but he asserted the state court judges refused to invalidate the warrant and suppress the gun because they were racist.

The district court dismissed the petition as an unauthorized second or successive § 2254 habeas petition. The court also denied a COA. On the same day that the district court dismissed his petition, Mr. White moved this court for authorization to file a second or successive § 2254 petition to bring these and other claims. We denied his request. *See In re White*, No. 20-7037 (10th Cir. July 31, 2020); R. at 98-105. Mr. White now seeks a COA to challenge the district court's dismissal.

## II

A COA is a "jurisdictional prerequisite" to appeal the district court's denial of habeas relief. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies relief on procedural

2

grounds, an applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. White fails to make the required showing. He does not address the COA standards or otherwise attempt to show that the district court's dismissal is reasonably debatable. Instead, he argues the merits of his claims and that of other claims raised in his recent motion for authorization. But an inmate may not file a second or successive § 2254 petition without first obtaining an order from this court authorizing the district court to consider his petition. *See* 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Because Mr. White did not first obtain circuit-court authorization to file his successive § 2254 petition, the district court's dismissal for lack of jurisdiction is not reasonably debatable, and Mr. White is not entitled to a COA.

III

Accordingly, we deny a COA and dismiss this matter. Mr. White's motion to proceed without prepayment of fees is granted, and we remind him that he remains obligated to pay the filing fees in full.

Entered for the Court

Nancy L. Moritz
Circuit Judge

3